mi . . . The opinion of the Court was delivered by
Duncan J.
The question has beeii stated with and. precision. It is a single point, “ whether any person without obtaining a vacating warrant or filing an application, can acquire a title to lands, by entering into; making a settlement, and procuring a survey, for which another person had previously obtained a warrant,- and had a survey made under the Act of Sd of April, 1792, but had not complied with the condition of actual settlement and residence, required by the Act.” This depends-on the condition of set•tlement annexed to the warrant, and the, mode of re-granting by the Legislature ;' and this mode appears to be clearer pf ambiguity, than almost any part of this obscure Act, which has divided the opinion of the most eminent Judges. Act provides, that in default of such actual settlement and residence, “ it shall and may be lawful for the Commonwealth to issue warrants to other actual settlers for the same lands or any part thereof, reciting the original warrant, ■ and that actual settlement and residence has not been made in- pursuance thereof, and so often as defaults have been made for the time being and in manner aforesaid, which new grants shall be under and subject to all and every’ the regulations contained in this Act.” •
*304 ' For this condition broken,- the State alone could enter. The lands sold and for which the price had been paid, did not .revert back to the State to be disposed of as vacant and unappropriated. land, for ifi so there had been no occasion for further provision, the original terms would attach as the forfeitures arose.
The vacating warrant is substituted for the right of entry' by.the State; the grant pfa new Warrant, founded on the vacation of the'first, confefs-thé State’s right of entry on the second -Warrantee,. But lands-which have been -granted by the State, and which escheat and fall back to the,State for want of heirs, alienage or forfeiture for treason or-any other1 cause, ‘are' not open for settlement, or grant, as- the common unappropriated land of the State, Lessee of Blaine v. Crawford, 1 Yeates, 290. For as was justly observed by the Court, the same law which vested the property in the State, qualified the sale of it, by the instrumentality of certain persons,-authorised for the specific purpose. Lands vested' by forfeiture for treason, could not therefore be disposed of on the common terms of vacant lands. Where the law prescribes the mode and, manner in which rights to lands, accruing to the State, by reason of any default in the grantee, shall issue, that mode, and np other must be pursued. Here it is to be by a special warrant of specific form; in no other by the ex-presé words of the Act can a new grant be obtained;'for the mode is,not; merely formal and directory, but substantial, imperative and' restrictive. It will be found, that the term,, actual settler, employed frequently in. the various sections of the Act, is not applied exclusively to him who has made and continued his settlement, but is'used, to denote one who is desirous to settle and improve, according to its provisions, as distinguished from a-warrantee. - There are solid reasons why the State should act on the forfeiture for default, before ■ an entry should be aüthorised- by an .individual. . The new warrant is,in the nature of an inquest of office or a' formal re-entry by the State ; and in the case of every estate on condition,'where the condition is broken, it is a well known principle of the common law, that a re-entry .is necessary to defeat the estate first grante,d. ' An estate of freehold cannot cease without an actual entry. A tenant at sufferance coming in by lawful demise, and after the determination of his estate, *305 holds over wrongfullv, yet trespass will not lie against him, before an entry made. It would introduce many mischiefs, if it were allowed to every private person to assume the power of determining when the estate of settlers or warrantees should cease, and warrant the entry mero motu of him who chose to make it. An easy method is prescribed, not for the first time in Pennsylvania, but borrowed from an ancient practice, under the proprietary government, of issuing a vacating warrant, which, although it recited a forfeiture for non-performance of some condition, was not founded in fact on forfeiture, but generally, if not always, arose from the actual abandonment of the first warrantee; or his title being vested by some irregular transfer; or bare delivery of the warrant, very common in early days; or sale by administrators, without an order of the Orphans’ Court, by executors without power in the will; or a mere verbal agreement, or some other special equity in the person who applied for the second warrant. Lowry v. Gibson, 2 Yeates, 84.
This construction was established by many decisions at Nisi Prius, and approved of by the Judges of this Court sitting in bank, and, although the direct question was not in judgment in bank, has been long acquiesced in, and fixed the construction, making it a rule of property, and I think was the true construction in the first instance. But if this construction appeared to me to-be doubtful, as there is nothing in it repugnant to natural justice, as it does injury to no man, and tends to preserve the peace of the community, which would frequently be in danger, if every man ad libitum was to assume the power of re-entry, without a license from the State, I would abide by it; for nothing ought more to fix the construction of a statute, than a contemporaneous, frequent and continued exposition, and nothing could be more dangerous in this part of the State, than to call in question a series of decisions, happily acquiesced in, which has done so much to restore peace to the inhabitants, and given security and stability to titles, on mere speculative opinions. The Legislature have acted upon this construction, for by the Act of the 21st of April, 1804, it is provided that applications of actual settlers, under the Act of the 3d of April, 1792, describing particularly the land applied for, and filed *306 with the secretary of the land office, shall, for two years, en= title the applicant to the privileges and benefits, that an original or vacating warrant would; thus affording a strong legislative construction, thata vacating warrant or some substitute therefor was necessary. Jones v. Anderson, 4 Yeates, 569. This vacating warrant is not mere matter of form, or thing merely technical, but a matter of serious importance, of grave substance, requiring satisfactory evidence to be exhibited in the land office of the default, before the first warránt is vacated, and a new one issued.
The construction given by the Court of Common Pleas, agrees with the text of the Act, the contemporaneous exposition of the Judges of the Court, the interpretation of the Legislature, the analogous principles of the Common law, the reason of the thing and the public peace. I am therefore of opinion that judgment be affirmed.
Judgment affirmed.